# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIM JUMPER RESTAURANTS, LLC | ) | Case No. 10-12819 ( ) |
| *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

## APPLICATION PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (the "Debtors") hereby seek entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Affidavit of Laura Davis Jones in Support of the Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski*

---

[1] The Debtors in these cases along with the last four digits of each of the Debtors' federal tax identification numbers are: Claim Jumper Restaurants, LLC (1053) and Claim Jumper Management, LLC (6481). The Debtors' headquarters and mailing address is: 16721 Millikan Ave., Irvine, CA 92606.

*Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Jones Affidavit"), which are being submitted concurrently with the Application. In support of this Application, the Debtors respectfully state the following:

## Jurisdiction

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, as is venue pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

3. On September 10, 2010, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has yet been appointed in these Chapter 11 Cases.

4. The Debtors' principal business is the operation of a western-style restaurant chain. Originally formed in 1977, the Claim Jumper chain consists of 45 restaurants as of the Petition Date operating in the states of California, Arizona, Colorado, Illinois, Nevada, Oregon, Washington and Wisconsin.

5. The Debtors' corporate headquarters are located in Irvine, California.

6. The other facts and circumstances further supporting this Application are more fully set forth in the *Declaration of William G. Taves in Support of First Day Motions*, filed contemporaneously herewith and which is incorporated herein by reference.

**Relief Requested**

7. By this Application, the Debtors seek to employ and retain PSZ&J as their restructuring co-counsel with regard to the filing and prosecution of these chapter 11 cases and all related proceedings. Accordingly, the Debtors respectfully request that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy co-counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases pursuant to the terms set forth in the Application and the Jones Affidavit *nunc pro tunc* to the Petition Date.

8. The Debtors seek to retain PSZ&J as co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. In preparing for their representation of the Debtors in these cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases.

9. The professional services that PSZ&J will provide include, but shall not be limited to:

    a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses and management of their property;

b. preparing on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

c. appearing in Court on behalf of the Debtors;

d. representing the Debtors in connection with the proposed sale of substantially all of the Debtors' assets;

e. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

f. performing other legal services for the Debtors that may be necessary and proper in these proceedings.

10. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Laura Davis Jones | $855.00 |
| b. | James E. O'Neill | $625.00 |
| c. | Curtis A. Hehn | $555.00 |
| d. | Karina Yee | $225.00 |

11. Other attorneys and paralegals may serve the Debtors in connection with the matters described herein from time to time.

12. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with

the clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

13. To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Affidavit submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

14. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $128,891.79 including the Debtors' aggregate filing fees for these cases, in connection with its prepetition representation of the Debtors. PSZ&J is current

as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

15. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

16. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Affidavit, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

## Notice

17. Notice of this Application has been provided to the following parties or, in lieu thereof, to their counsel, if known: (i) Office of the United States Trustee; and (ii) the administrative agent for the Debtors' prepetition secured lenders and its counsel. Following the first-day hearing in these cases, notice of the Application will be given to: (a) creditors holding the consolidated twenty largest unsecured claims against the Debtors as identified in the Debtors' petitions; (b) those persons who have requested notice pursuant to Rule 2002 of the

Federal Rules of Bankruptcy Procedure; and (c) any other persons as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the relief requested, no other or further notice need be provided.

## No Prior Request

18. No prior request for the relief sought in this Application has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: September 10, 2010

By: /s/ William G. Taves
William G. Taves
Secretary and Chief Financial Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIM JUMPER RESTAURANTS, LLC | ) | Case No. 10-12819 ( ) |
| *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

### STATEMENT UNDER RULE 2016 OF THE
### FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is proposed co-counsel to the above-captioned debtors and debtors in possession (the "Debtors") in these cases. It further states:[2]

1.  The Debtors have agreed to pay PSZ&J for the legal services that have been or will be rendered by its various attorneys, paralegals, and case management assistants in connection with these cases on the Debtors' behalf. The Debtors have also agreed to reimburse PSZ&J for its actual and necessary expenses incurred in connection with these cases.

---

[1] The Debtors in these cases along with the last four digits of each of the Debtors' federal tax identification numbers are: Claim Jumper Restaurants, LLC (1053) and Claim Jumper Management, LLC (6481). The Debtors' headquarters and mailing address is: 16721 Millikan Ave., Irvine, CA 92606.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date.*

PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $128,891.79, including the Debtors' aggregate filing fees for these cases, in connection with the preparation of initial documents and its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

2. PSZ&J will seek approval for payment of compensation by filing the appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.
The filing fees for the Debtors has been paid in full.

3. The services to be rendered include all those services set forth in the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, submitted concurrently herewith.

4. PSZ&J further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of PSZ&J, or (b) any compensation another person or party has received or may have received.

Dated: September 10, 2010

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Curtis Hehn (DE Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
(Courier Route 19801)
Wilmington, DE 19898
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail: ljones@pszjlaw.com
joneill@pszjlaw.com
chehn@pszjlaw.com

*Proposed Co-Counsel for Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIM JUMPER RESTAURANTS, LLC | ) | Case No. 10-12819 ( ) |
| *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**AFFIDAVIT OF LAURA DAVIS JONES IN SUPPORT OF THE APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE**

LAURA DAVIS JONES, ESQUIRE, being duly sworn, deposes and says:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and have been duly admitted to practice law in the State of Delaware, the United States District Court for the Central District of Delaware and the United States Court of Appeals for the Third Circuit and the United States Supreme Court. This Affidavit is submitted in support of the Debtors' *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the*

---

[1] The Debtors in these cases along with the last four digits of each of the Debtors' federal tax identification numbers are: Claim Jumper Restaurants, LLC (1053) and Claim Jumper Management, LLC (6481). The Debtors' headquarters and mailing address is: 16721 Millikan Ave., Irvine, CA 92606.

*Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted concurrently herewith.[2]

2.  Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "Debtors"), their creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.  The Debtors have and will retain various professionals during the pendency of these cases, including Milbank Tweed Hadley & McCloy LLP and Kurtzman Carson Consultants LLC. The Debtors may retain other professionals after the date hereof (the "Petition Date") and expect that a Committee will be formed and will retain advisors. PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.  PSZ&J represents many committees whose members may be creditors in the Debtors' chapter 11 cases. However, PSZ&J is not representing any of those entities in these cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors.

5.  PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel and associates:

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

a. are not creditors, equity security holders or insiders of the Debtors;

b. are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

c. do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6. To the best of my knowledge, neither I, nor any partner or associate of PSZJ, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $128,891.79, including the Debtors' aggregate filing fees for these cases, in connection with the preparation of initial documents and the prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8. PSZ&J and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. At this time, PSZ&J is not aware of such representations, however PSZ&J will be in a better position to identify with specificity any such persons or entities when lists of all creditors of

the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

9. PSZ&J intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

|   |   |   |
|---|---|---|
| a. | Laura Davis Jones | $855.00 |
| b. | James E. O'Neill | $625.00 |
| c. | Curtis A. Hehn | $555.00 |
| d. | Karina Yee | $225.00 |

10. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described herein.

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation,

envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in compliance with this Courts rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the partners, of counsel and associates of the Firm.

Dated: September 10, 2010

_____
Laura Davis Jones, Esq.

State of Delaware )
County of New Castle )

Subscribed and sworn to (or affirmed) before me on this 10th day of September, 2010, by Laura Davis Jones, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

DIANE K. POTTS
NOTARY PUBLIC
STATE OF DELAWARE
Seal_____ My commission expires Feb. 20, 2012

Signature_Diane K. Potts_____