**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOLDCOAST LIQUIDATING, LLC *et al.*, | ) | Case No. 10-12819 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**FOURTH MONTHLY FEE APPLICATION OF MILBANK, TWEED, HADLEY & M^c^CLOY LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS DEBTORS' COUNSEL DURING PERIOD FROM**
**DECEMBER 1, 2010 THROUGH AND INCLUDING DECEMBER 31, 2010**

| | |
|---|---|
| Name of Applicant: | Milbank, Tweed, Hadley & McCloy LLP |
| Authorized to Provide Professional Services to: | Goldcoast Liquidating, LLC (f/k/a Claim Jumper Restaurants, LLC); and Goldcoast Management Liquidating, LLC (f/k/a Claim Jumper Management, LLC) |
| Date of Retention: | September 10, 2010 |
| Period for which compensation and reimbursement is sought: | December 1, 2010 – December 31, 2010 |
| Total Amount of Compensation Sought for Current Period (100%): | $288,097.00 |
| Amount of Compensation Requested for Current Period (80%): | $230,477.6 |
| Amount of Expense Reimbursement Requested (100%): | $9,299.94 |

This is a/an: __X__ monthly _____interim ____ final application.

This is the fourth monthly application filed by Milbank, Tweed, Hadley & McCloy LLP in these cases.

[1] The Debtors in these cases along with the last four digits of each of the Debtors' federal tax identification numbers are: Goldcoast Liquidating, LLC (f/k/a Claim Jumper Restaurants, LLC) (1053) and Goldcoast Management Liquidating, LLC ( f/k/a Claim Jumper Management, LLC) (6481). The Debtors' headquarters and mailing address is: 19200 Von Karman Avenue, Suite 400, Irvine, CA 92612.

**FOURTH MONTHLY APPLICATION OF MILBANK, TWEED, HADLEY & McCLOY LLP: COUNSEL TO GOLDCOAST LIQUIDATING, LLC, ET AL.**
**(DECEMBER 1, 2010 – DECEMBER 31, 2010)**

| Timekeeper | Position | Bar Admission | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Robert J. Moore | Partner, Financial Restructuring | 1977 | $1,025.00 | 50.30 | $51,557.50 |
| Dale L. Ponikvar | Partner, Tax | 1981 | $950.00 | 0.50 | $475.00 |
| David A. Lamb | Partner, Corporate | 1979 | $925.00 | 0.50 | $462.50 |
| Brett D. Goldblatt | Partner, Corporate | 1999 | $875.00 | 28.60 | $25,025.00 |
| Jane L. Hanson | Of Counsel, Litigation | 1984 | $870.00 | 22.60 | $19,662.00 |
| Leah D. Karlov | Of Counsel, Tax | 2001 | $725.00 | 0.60 | $435.00 |
| Haig M. Maghakian | Associate, Financial Restructuring | 2002 | $695.00 | 64.2 | $44,619.00 |
| David Levine | Associate, Corporate | 2002 | $695.00 | 7.60 | $5,282.00 |
| Fred Neufeld | Associate, Financial Restructuring | 1990 | $695.00 | 1.00 | $695.00 |
| Christa Chan Pak | Associate, Corporate | 2006 | $600.00 | 52.00 | $31,200.00 |
| Jennifer Miremadi | Associate, Litigation | 2006 | $600.00 | 0.50 | $300.00 |
| Julian I. Gurule | Associate, Financial Restructuring | 2007 | $525.00 | 100.90 | $52,972.50 |
| Thomas H. Santoro | Associate, Litigation | 2009 | $525.00 | 45.40 | $23,835.00 |
| Iane Saenam | Associate, Corporate | 2008 | $525.00 | 25.60 | $13,440.00 |



#4834-3570-9192v4

| **Timekeeper** | **Position** | **Bar Admission** | **Rate** | **Hours** | **Amount** |
|---|---|---|---|---|---|
| Deana M. Brown | Associate, Financial Restructuring | 2010 | $450.00 | 23.80 | $10,710.00 |
| Fanny Dusastre-Martinez | Associate, Financial Restructuring | 2009 | $450.00 | 11.20 | $5,040.00 |
| Benjamin Harris | Legal Assistant | N/A | $185.00 | 7.90 | $1,461.50 |
| Paul Butters | Legal Assistant | N/A | $185.00 | 5.00 | $925.00 |
| | | **Total** | $642.79 (Blended Rate) | 448.20 | $288,097.00 |

**SUMMARY OF SERVICES RENDERED DURING**
**MILBANK, TWEED, HADLEY & McCLOY LLP'S**
**FOURTH MONTHLY PERIOD AS COUNSEL TO**
**GOLDCOAST LIQUIDATING, LLC, ET AL.**
**(DECEMBER 1, 2010 – DECEMBER 31, 2010)**

| Matter Code | Description | Hours | Amount |
|---|---|---|---|
| 40493-00100 | Case Administration | 6.30 | $2756.50 |
| 40493-00200 | Claims Analysis, Estimation and Objections | 20.00 | $11,661.50 |
| 40493-00300 | Court Hearings | 0.50 | $512.50 |
| 40493-00400 | Disclosure Statement and Plan | 38.00 | $20,581.00 |
| 40493-00500 | Employee Issues | 71.00 | $45,714.00 |
| 40493-00600 | Executory Contracts | 34.50 | $17,692.50 |
| 40493-00700 | Retention of Professionals | 8.10 | $4622.50 |
| 40493-00800 | Milbank Fee Applications | 20.50 | $10,199.00 |
| 40493-00900 | Fee Applications - Others | 13.30 | $9,771.00 |
| 40493-01000 | File, Docket and Calendar Maintenance | 1.10 | $577.50 |
| 40493-01100 | General Business Operations | 6.40 | $5,987.50 |
| 40493-01200 | General Communications with Creditors | 0.10 | $52.50 |
| 40493-01300 | Reporting Requirements | 0.30 | $208.50 |
| 40493-01600 | Automatic Stay Enforcement and Litigation | 10.70 | $5,592.00 |
| 40493-01700 | Exclusivity Issues | 5.40 | $2,923.50 |
| 40493-01800 | Real Property/ Landlord Issues | 32.60 | $20,804.00 |
| 40493-02100 | Reclamation/ PACA/ PSA Issues | 13.80 | $7,295.50 |
| 40493-02200 | Asset Sales | 163.80 | $120,200.50 |
| 40493-02300 | Utilities | 1.80 | $945.00 |
| **Total** | | 448.20 | $288,097.00 |

**SUMMARY OF EXPENSES INCURRED DURING MILBANK, TWEED, HADLEY & M^C^CLOY LLP'S FOURTH MONTHLY PERIOD AS COUNSEL TO GOLDCOAST LIQUIDATING, LLC ET AL.**
**(DECEMBER 1, 2010 – DECEMBER 31, 2010)**

| Description | Amount |
|---|---|
| Travel | $579.42 |
| Cab Fares/ Local Transportation | $152.49 |
| Telephone | $1463.41 |
| Telecopy | $118.00 |
| Airfreight | $103.37 |
| Photocopies | $487.90 |
| Binding -Outside | $4.50 |
| Color Copies | $718.75 |
| Printing | $853.50 |
| Meals & Entertainment | $450.85 |
| Lexis | $3,629.25 |
| Westlaw | $578.50 |
| Fees | $160.00 |
| **Total** | $9,299.94 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOLDCOAST LIQUIDATING, LLC *et al.*, | ) | Case No. 10-12819 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**FOURTH MONTHLY FEE APPLICATION OF MILBANK, TWEED, HADLEY & McCLOY LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS DEBTORS' COUNSEL DURING PERIOD FROM DECEMBER 1, 2010 THROUGH AND INCLUDING DECEMBER 31, 2010**

Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), counsel to the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submits this monthly application (the "Application"), pursuant to Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and this Court's *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures For Interim Compensation and Expense Reimbursement of Professionals and Committee Members* [Docket No. 196] (the "Compensation Procedures Order"), for allowance of compensation and reimbursement of expenses for the period of December 1, 2010 through and including December 31, 2010 (the "Fourth Monthly Period"). By this Application, Milbank seeks (i) interim allowance of $288,097.00 (100%) for actual and necessary professional services rendered during the Fourth Monthly Period, (ii) payment of $230,477.60, which is equal to eighty percent (80%) of the total amount of compensation sought for actual and necessary professional services rendered during the Fourth Monthly Period and

[1] The Debtors in these cases along with the last four digits of each of the Debtors' federal tax identification numbers are: Goldcoast Liquidating, LLC (f/k/a Claim Jumper Restaurants, LLC) (1053) and Goldcoast Management Liquidating (f/k/a Claim Jumper Management, LLC) (6481). The Debtors' headquarters and mailing address is: 19200 Von Karman Avenue, Suite 400, Irvine, CA 92612.

(iii) reimbursement of one-hundred percent (100%) of its actual and necessary expenses incurred in the amount of $9,299.94 for the Fourth Monthly Period. In support of this Application, Milbank respectfully represents as follows:

## Background

1. On September 10, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in these Chapter 11 Cases.

2. On September 22, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases (the "Committee").

3. On December 6, 2010, the Debtors closed on the sale of substantially all of their assets to Landry's (defined below) and have commenced the wind-down of their affairs.

## Milbank Retention

4. On October 6, 2010, this Court entered its Order authorizing the retention of Milbank as the Debtors' reorganization counsel effective as of the Petition Date [Docket No. 198] (the "Milbank Retention Order").

## Compensation Procedures Order

5. On October 6, 2010, this Court entered the Compensation Procedures Order. In accordance with the Compensation Procedures Order, professionals retained in these cases are permitted to file monthly applications for interim approval and allowance of compensation on or about the 25th day of the month following the month for which the professional is seeking payment. The Compensation Procedures Order also authorizes a professional to file a certificate of no objection with the Court, upon the expiration of twenty (20) days after service of a monthly

interim fee application, after which the Debtors are authorized and directed to pay the professional an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable monthly fee application. Accordingly, in this Application, Milbank seeks payment of 80% of its requested fees (i.e., $230,477.60) and 100% of its requested expenses (i.e., $9,299.94) for a total of $239,777.54.

6. The Compensation Procedures Order also provides that professionals are to file and serve upon the notice parties at three month intervals a request (an "Interim Fee Application") for interim Court approval of the monthly fee applications and allowance of fees and reimbursement of expenses incurred during such interim fee periods. Upon entry of an order approving the relief requested in an Interim Fee Application (an "Interim Fee Order"), the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested for the monthly fee applications covered by that Interim Fee Application (less any amounts previously paid in connection with the monthly fee applications), which includes the 20% holdback amounts for fees. Any payment made pursuant to the monthly fee applications or the Interim Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

**Billing History**

7. On November 3, 2010, the Debtors filed the *First Monthly Fee Application of Milbank, Tweed, Hadley & McCloy LLP for Interim Approval and Allowance of compensation for Services Rendered and for Reimbursement of Expenses Incurred as Debtors' Counsel During Period from September 10, 2010 through and including September 30, 2010* [Docket No. 332] (the "First Monthly Application"). Pursuant to the First Monthly Application, Milbank sought (i) interim approval of $375,178.75 in legal fees and $10,645.84 in expenses and (ii) payment of

80% of its requested fees (i.e. $300,143.00) and 100% of its requested expenses. On November 23, 2010, the time for parties in interest to object to the First Monthly Application expired with no objection having been filed and on December 1, 2010, Milbank received payment from the Debtors in the amount of $310,788.84.

8. On November 24, 2010, the Debtors filed the *Second Monthly Fee Application of Milbank, Tweed, Hadley & McCloy LLP for Interim Approval and Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Debtors' Counsel During Period From October 1, 2010 through and including October 31, 2010* [Docket No. 377 ] (the "Second Monthly Application"). Pursuant to the Second Monthly Application, Milbank sought (i) interim approval of $638,726.00 in legal fees and $16,164.74 in expenses and (ii) payment of 80% of its requested fees (i.e. $510,980.80) and 100% of its requested expenses. On December 14, 2010, the time for parties in interest to object to the Second Monthly Application expired with no objection having been filed and on December 22, 2010, Milbank received payment from the Debtors in the amount of $527,145.54.

9. On December 23, 2010, the Debtors filed the *Third Monthly Fee Applicatoin of Milbank, Tweed, Hadley & McCloy LLP for Interim Approval and Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Debtors' Counsel During Period From November 1, 2010 through and including November 30, 2010* [Docket No. 440] (the "Third Monthly Application"). Pursuant to the Third Monthly Application Milbank sought (i) interim approval of $456,316.00 in legal fees and $32,268.20 in expenses and (ii) payment of 80% of its requested fees (i.e. $365,052.80) and 100% of its requested expenses. On January 12, 2011 the time for parties in interest to object to the Second

Monthly Application expired with no objection having been filed. Milbank has not yet received payment from the Debtors on account of the Third Monthly Application.

10. On January 10, 2011, the Debtors filed the *First Interim Fee Application of Milbank, Tweed, Hadley & McCloy LLP for Approval and Allowance of Compensation for Services Rendered and Reimbursements of Expenses Incurred as Debtors' Counsel During Period From September 10, 2010 through and including November 30, 2010* [Docket No. 476] (the "First Interim Application"). Pursuant to the First Interim Application Milbank sought (i) interim allowance of one hundred percent (100%) of (a) the total amount of compensation sought for professional services rendered and (b) reimbursement of its actual and necessary expenses during the First Interim Period, in the amounts of $1,470,220.75 and $59,078.78, respectively and (ii) payment of compensation withheld during the First Interim Period in the amount of $294,044.15. On January 28, 2011, the Court entered its Order granting the First Interim Application.

11. Milbank has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by Milbank or any member thereof as to compensation in connection with these cases. All services for which compensation is sought herein were rendered by Milbank to the Debtors solely in connection with these bankruptcy cases and not on behalf of any other persons.

**Fee Application**

12. By this Application, Milbank seeks interim approval of the sum of $288,097.00 (100%) for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Fourth Monthly Period and $9,299.94 (100%) for reimbursement of its actual,

reasonable and necessary expenses incurred in connection with rendering such services. The fees sought in this Application reflect an aggregate of 448.20 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Fourth Monthly Period, at a blended average hourly rate of $642.79 for both attorneys and paraprofessionals.

13. Milbank maintains written records of the time expended in rendering the professional services required by the Debtors. These records are maintained in the ordinary course of Milbank's practice.

14. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet is a billing summary for the Fourth Monthly Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Milbank's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Additionally, set forth in the billing summary is additional information indicating whether each attorney is a partner or associate and each attorney's primary area of concentration. The compensation requested by Milbank is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

15. Set forth as Exhibit A are time entries recorded in tenths of an hour and by project category with a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

16. Milbank also maintains contemporaneous records of all actual and necessary

expenses incurred in connection with performing professional services and a detailed list of expenses is set forth in Exhibit B. A summary of the expenses incurred is set forth on the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought, and a breakdown of expenses by project category. Milbank has incurred actual and necessary out-of-pocket expenses during the Fourth Monthly Period in the amount of $9,299.94.

**Summary of Services Rendered**

17. To provide an orderly and meaningful summary of the services rendered by Milbank on behalf of the Debtors, Milbank established separate project billing categories for these cases. Milbank's professionals billed time to the following categories during the Fourth Monthly Period:

- Asset Sales
- Automatic Stay Enforcement and Litigation
- Case Administration
- Claims Analysis, Estimation and Objections
- Court Hearings
- Disclosure Statement and Plan
- Employee Issues
- Exclusivity Issues
- Executory Contracts
- Fee Applications—Other
- File, Docket, and Calendar Maintenance
- General Business Operations
- General Communications with Creditors
- Milbank Fee Applications
- Real Property/ Landlord Issues
- Reclamation/ PACA/ PSA Issues
- Reporting Requirements
- Retention of Professionals
- Utilities

18. The following summary of services rendered is intended only to highlight matters in certain of the above-listed categories where Milbank has expended a considerable



#4834-3570-9192v4

number of hours on behalf of the Debtors during the Fourth Monthly Period, and it is not meant to be a detailed description of all of the work performed. This Application does not detail each and every correspondence, meeting, discussion, court appearance or all research conducted by Milbank during the Fourth Monthly Period.

19. General Overview of Services Rendered. During the Fourth Monthly Period, Milbank has rendered (and continues to render) a variety of services to the Debtors (which services are described in detail in Exhibit A attached hereto), including, among other things, (i) tasks related to the administration of the Debtors' bankruptcy cases, (ii) working with the Debtors, Landry's Holdings, Inc. and Landry's Restaurants, Inc. (together, "Landry's") to consummate the sale of substantially all of the Debtors' assets (the "Sale"), including negotiating and drafting agreements and addressing numerous employee issues relating to the Sale and working with the Debtors' landlords on the assumption and assignment of real property leases (including the negotiation and settlement of cure amounts), (iii) drafting the Debtors' disclosure statement (the "Disclosure Statement") and plan of liquidation (the "Plan"), and (iv) reviewing proofs of claims filed against the Debtors' estates. Milbank also provided necessary research and analysis, prepared numerous pleadings and documents, conducted negotiations, and provided other legal services that were required by and deemed to be in the interests of the Debtors and their estates. In connection therewith, Milbank conducted numerous meetings and telephone conferences with the Debtors, their advisors and other parties in interest, and at all times kept the Debtors apprised of events in these bankruptcy cases.

20. Asset Sales. During the Fourth Monthly Period, Milbank attorneys performed numerous tasks relating to the closing of the Sale (the "Closing"). In connection therewith, Milbank attorneys conducted the closing on December 6, 2010, negotiated and drafted

necessary Closing documents, drafted and filed necessary documents in connection with the assignment of the Debtors' trademarks, and analyzed and advised the Debtors on financial reconciliation issues between the Debtors and Landry's.

21. Claims Analysis, Estimation and Objections. During the Fourth Monthly Period, Milbank attorneys spent time reviewing and analyzing administrative claims against the Debtors' estate. Milbank attorneys also drafted motion seeking to fix a bar date for the filing of pre-Closing administrative expense claims.

22. Disclosure Statement and Plan. During the Fourth Monthly Period, Milbank attorneys spent time negotiating and drafting the Plan and the Disclosure Statement, including negotiating the terms of the Plan with the Committee.

23. Employee Issues. During the Fourth Monthly Period, Milbank attorneys spent time on various employee-related issues, including, (i) researching numerous issues under the "WARN" statutes implicated by the Sale, (ii) researching numerous issues regarding California vacation pay on termination, (iii) drafting and revising post-Closing WARN notices in connection with the closure of certain restaurant locations and (iv) analyzing and advising the Debtors with respect to other employee issues, including communications between the Debtors and their employees.

24. Executory Contracts. During the Fourth Monthly Period, Milbank attorneys performed a number of tasks relating to the Debtors' executory contracts and unexpired leases, including reviewing leases and executory contracts to be rejected by Debtors, drafting and filing an omnibus motion to reject majority of the Debtors' executory contracts and all of the real property leases retained by the Debtors after the Closing.

25. Real Property/Landlord Issues. During the Fourth Monthly Period, Milbank

attorneys performed numerous tasks in connection with their real property interests (i.e. leases) and landlords, including reviewing, analyzing and negotiating lease amendments and cure amounts, and advising the Debtors regarding Landry's positions regarding certain leases. Milbank attorneys also performed additional tasks necessary in connection with the rejection of certain leases and the surrender of restaurant locations that were not assigned to Landry's in connection with the Sale.

**Requested Compensation And Expense Reimbursement Should Be Approved**

26. Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the court's award of such compensation. See 11 U.S.C. § 331. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

27. The professional services rendered by Milbank during the Fourth Monthly Period required a high degree of professional competence and expertise and Milbank's handling of these matters has been instrumental in the efficient and successful prosecution of these chapter 11 cases. Milbank respectfully submits that it has rendered these services to the Debtors effectively, economically, and without duplication of services performed by any other professional in these cases. In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. Milbank further submits the requested compensation is reasonable in light of the nature, extent, and value of such services to the Debtors and all other parties in interest.

28. In connection with the reimbursement of actual, reasonable and necessary expenses, it is Milbank's policy to charge clients in all areas of practice for its expenses incurred, other than fixed and routine overhead expenses. The expenses charged to Milbank's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, out-of-town travel expenses, local transportation expenses, and computerized research. However, in connection with these cases, Milbank has not charged the Debtors and is not seeking reimbursement for working meals, document word-processing charges and non-ordinary overhead expenses particularly attributable to an individual client or case, such as secretarial and other overtime.

29. Milbank has charged the Debtors for these expenses at rates consistent with

those charged to Milbank's other bankruptcy clients, which rates are equal to or less than the rates charged by Milbank to its non-bankruptcy clients. Milbank seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; (b) fifteen cents per page for printing, (c) no charge for incoming facsimiles; and (d) one dollar per page for out-going facsimiles.

30. Attorneys at Milbank have not incurred and will not incur expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Fourth Monthly Period, Milbank has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

31. To the best of Milbank's knowledge, this Application complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the U.S. Trustee, the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the orders of this Court including the Compensation Procedures Order.

**Reservation Of Rights**

32. To the extent time charges for services rendered or disbursements incurred relating to the Fourth Monthly Period were not processed prior to the preparation of this Application, or Milbank has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fourth Monthly Period, Milbank reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

**Certification**

33. In accordance with Local Rule 2016-2(f), the undersigned has reviewed the

requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with Local Rule 2016-2.

**No Prior Request**

34. No previous request for the relief sought herein has been made to this or any other court.

**Notice**

35. Pursuant to the Compensation Procedures Order, notice of this Application has been served upon (i) the Debtors; (ii) counsel to the administrative agent for the Debtors' prepetition secured lenders; (iii) the Office of the Untied States Trustee; and (iv) counsel to the Committee. Milbank submits that, in light of the relief requested, no other or further notice need be provided.

**WHEREFORE**, Milbank respectfully requests (i) interim allowance of compensation for professional services rendered during the Fourth Monthly Period in the total amount of $288,097.00, (ii) reimbursement of its actual and necessary expenses incurred during the Fourth Monthly Period in the amount of $9,299.94, and (iii) payment in accordance with the procedures set forth in the Compensation Procedures Order (i.e., payment of eighty percent (80%) of its requested fees in the amount of $230,477.60 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $9,299.94, for a total payment of $239,777.54).

Dated: January 31, 2011

/s/ Haig M. Maghakian

MILBANK, TWEED, HADLEY & MCCLOY LLP
Robert Jay Moore (CA Bar No. 77495)
Haig M. Maghakian (CA Bar No. 221954)
Julian I. Gurule (CA Bar No. 252160)
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017-5735
Telephone: 213-892-4000
Facsimile: 213-629-5063
Email: rmoore@milbank.com
hmaghakian@milbank.com
jgurule@milbank.com