IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
:
In re:                                                          :  Chapter 11
                                                                :
                                                                :  Case No. 10-12819 (KG)
GOLDCOAST LIQUIDATING, LLC et al.,                              :
                                                                :  Jointly Administered
                                                                :
                  Debtors.[1]                                   :  **Response due: March 9, 2011 at 4:00 p.m.**
                                                                :  **Hearing: March 29, 2011 at 2:00 p.m.**
----------------------------------------------------------------x

## DEBTORS' OBJECTION TO RECLAMATION CLAIMS MADE BY SELLERS OF GOODS

The above-captioned debtors and debtors-in-possession (together, the "Debtors") hereby submit this Objection to Reclamation Claims Made by Sellers of Goods (the "Reclamation Objection") and seek entry of an order disallowing the reclamation claims listed on Exhibit A attached hereto. In support of this Objection, the Debtors respectfully state as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Reclamation Objection pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of these proceedings and this Reclamation Objection in this district is proper under 28 U.S.C §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Code sections 502 and 546(c), Bankruptcy Rule 3007 and Local Rule 3007-1.

---

[1] The Debtors in these cases along with the last four digits of each of the Debtors' federal tax identification numbers are: Goldcoast Liquidating, LLC (f/k/a Claim Jumper Restaurants, LLC) (1053) and Goldcoast Management Liquidating, LLC (f/k/a Claim Jumper Management, LLC) (6481). The Debtors' headquarters and mailing address is: 19200 Von Karman Ave., Suite 400, Irvine, CA 92612.

14420-001\DOCS_DE:167583.1

## Background

2.       On September 10, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has yet been appointed in these Chapter 11 Cases.

3.       Between September 15 and September 28, 2010, the Debtors received a total of seven written demands for reclamation made by three sellers of goods (the "Sellers") that allegedly were received by the Debtors within 45 days prior to the Petition Date (the "Reclamation Claims"). The Reclamation Claims are listed in Exhibit A attached hereto.

4.       On October 6, 2010, the Court entered its *Order Pursuant to 11 U.S.C. § 546(c) (I) Establishing Procedures for Resolution of Reclamation Claims and (II) Prohibiting Sellers of Goods from Reclaiming or Otherwise Interfering with Debtors' Possession of Certain Goods* (the "Reclamation Claims Order") [Docket No. 195].

5.       In the findings of the Court in its Order [Docket No. 271] authorizing the Debtors to obtain post-petition secured financing and continue to use cash collateral (the "DIP Financing Order"), entered on October 19, 2010, the Court found that (i) the Debtors' prepetition secured lenders (the "Prepetition Secured Lenders") have valid and perfected first priority liens on substantially all of the Debtors' assets, including, without limitation, goods, inventory and the proceeds thereof and (ii) the Prepetition Secured Parties' claim (the "Prepetition Secured Parties' Claim") is equal to the sum of not less than $69,238,847.73.

6.       On October 28, 2010, the Debtors conducted an auction for the sale of substantially all of their assets (the "Sale"), and on November 4, 2010, the Court entered its Order [Docket No. 334] approving the auction and authorizing the Sale to Landry's Restaurants

Inc., Landry's Holdings, Inc. and/or their designee (collectively, "Landry's"). The Sale closed on December 6, 2010. The Sale contemplated cash proceeds payable to the Debtors in the amount of approximately $48.3 million (subject to working capital adjustments). The total amount to be distributed to the Prepetition Secured Parties in these Chapter 11 Cases will therefore be far less than the face amount of the Prepetition Secured Parties' Claim.

7. On December 9, 2010, in accordance with the Reclamation Claims Order, the Debtors submitted the *Notice of Reclamation Claims Made by Sellers of Goods* (the "Reclamation Claims Notice") which listed the Reclamation Claims and described the reasons why the Reclamation Claims were not entitled to payment. A copy of the Reclamation Claims Notice is attached hereto as Exhibit B.

## Objection and Relief Requested

8. Based on their review of the Reclamation Claims listed on Exhibit A, the Debtors submit that none of the Reclamation Claims are entitled to payment under Bankruptcy Code section 546(c) because all of the goods relating to the Reclamation Claims are "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c). The express language of 546(c)(1) has been held to mean that prepetition and post-petition senior liens on a debtor's inventory are superior to reclamation claims of the sellers of goods. Simon & Schuster, Inc. v. Advanced Marketing Services, Inc. (In re Advanced Marketing Services, Inc.), 360 B.R. 421, 426 (Bankr. Del. 2007). Thus, "after the secured creditors' superior interests have been satisfied or released, the reclaiming seller retains a priority interest in any remaining goods, and in any surplus proceeds from the secured creditors' foreclosure sale…Where the value of the reclaiming seller's rights is worthless because of the secured lien, the reclamation request is not denied, but is of no value." In re Child World, 145

B.R. 5, 8 (Bankr. S.D.N.Y. 1992) (citing <u>Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)</u>, 964 F.2d 842 (8th Cir. 1992)).

9. Here, because (i) the Prepetition Secured Parties' liens encumber substantially all of the Debtors' assets (including the goods delivered by the Sellers and the proceeds thereof) and (ii) the cash proceeds from the Sale are at least $20 million less than the total amount of the Prepetition Secured Parties' Claim, the Prepetition Secured Parties are entitled to all of the value attributable to any goods that are subject of a Reclamation Claim. In connection with their delivery of goods to the Debtors, the Sellers therefore have, at best, a general unsecured claim.[2]

10. Accordingly, the Debtors seek entry of an order disallowing the Reclamation Claims without prejudice to any proof of claim filed by a Seller in accordance with the Bankruptcy Code, the Bankruptcy Rules, and prior Orders of this Court, including, without limitation, the bar date order [Docket No. 270].

## Separate Contested Matters

11. To the extent that a response is filed regarding any claim listed in the Reclamation Objection and the Debtors and the claimant are unable to resolve the matter consensually, each such claim and the objection thereto asserted in the Reclamation Objection shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014. Any order entered by this Court regarding an objection asserted in the Reclamation Objection shall be deemed a separate order with respect to each claim.

---

[2] The Debtors note that a portion of the Reclamation Claims have been paid pursuant to this Court's *Order Granting Motion of the Debtors and Debtors in Possession for an Order Authorizing Payment in the Ordinary Course of (I) Section 503(b)(9) Claims and (II) Certain Obligations for the Postpetition Delivery of Goods and Services* [Docket No. 49]. No such payment, however, is intended to be, or shall be deemed or construed as, an admission by the Debtors regarding the validity of the Reclamation Claim to which such payment relates or any remaining, unpaid portion of such Reclamation Claim.

### Responses to Objection

12.     To contest an objection, a claimant must file and serve a written response (a "Response") to this Reclamation Objection so that it is received by no later than 4:00 p.m. (EST) on March 9, 2011. Every Response must be filed with the Office of the Clerk of the United Stated Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities at the following addresses:

> Pachulski, Stang, Ziehl & Jones LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Attn: Laura Davis Jones
> Attn: Curtis Hehn
>
> -and-
>
> Milbank, Tweed, Hadley & McCloy LLP
> 601 South Figueroa Street, 30th Floor
> Los Angeles, CA 90017
> Attn: Robert Jay Moore
> Attn: Haig Maghakian
>
> Counsel for the Debtors

13.     Every Response to this Reclamation Objection must contain at a minimum the following information:

- (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

- (b) the name of the claimant, claim number, and a description of the basis of the amount of the claim;

- (c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Reclamation Objection;

- (d) to the extent that it was not included with previous correspondence with the Debtors or the proof of claim previously filed with the Clerk or Claims Agent, any supporting documentation upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

  (e)  the name, address, telephone number, and fax number of the person(s) (who may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses the authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the claimant.

  14.  If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing the claim without further notice to the claimant or a hearing.

### Replies to Responses

  15.  The Debtors, at their option, may file and serve a reply to a claimant's response.

### Reservation

  16.  The Debtors hereby reserve the right to object in the future to any of the claims identified in this Reclamation Objection or on the exhibit attached hereto on any ground, and to amend, modify, and/or supplement this Reclamation Objection, including without limitation to object to superseded claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

  17.  Notwithstanding anything contained in this Reclamation Objection or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Reclamation Objection or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### No Prior Request

  18.  No previous request for the relief sought herein has been made to this or any other court.

## Notice

19. The Debtors have provided notice of this Reclamation Objection to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Prepetition Secured Lenders, (iii) counsel to the holder of a claim identified herein (if known) or if no counsel has been identified, the claim holder, (iv) counsel to the official committee of unsecured auditors and, (v) those parities who have filed and not withdrawn requests for notices under Bankruptcy Rule 2002. The Debtors submit that, in light of the relief requested, no other or further notice need be provided.

## Compliance with Rule 3007-1

20. This Objection, and related exhibit attached hereto, complies with Local Rule 3007-1.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested and granting such other relief as the Court deems appropriate.

Dated: February 7, 2011

MILBANK, TWEED, HADLEY & McCLOY LLP
Robert Jay Moore (CA Bar No. 77495)
Haig M. Maghakian (CA Bar No. 221954)
601 South Figueroa Street, 30th Floor
Los Angeles, CA  90017-5735
Telephone:  (213) 892-4000
Facsimile:   (213) 629-5063
Email: rmoore@milbank.com
          hmaghakian@milbank.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Curtis A. Hehn (DE Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         joneill@pszjlaw.com
         chehn@pszjlaw.com

Counsel for the Debtors and Debtors in Possession