**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                        :
In re                                   :    Chapter 11
                                        :
GOLDCOAST LIQUIDATING, LLC, et al.,     :    Case No. 10-12819 (KG)
                                        :
            Debtors.                    :    (Jointly Administered)
                                        :
                                        :
------------------------------------------------------------- x
```

**CERTIFICATION OF COUNSEL REGARDING STIPULATION AMONG THE GUC
TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PRIVATE
CAPITAL PARTNERS LLC AND BLACK CANYON CAPITAL LLC ALLOWING
CLAIM NO. 208, AS PROVIDED THEREIN,
AND DISALLOWING CLAIM NOS. 207 AND 211**

Margaret M. Manning, the undersigned, hereby represents as follows:[1]

1.      On September 10, 2010, the Debtors filed their voluntary petitions for relief under the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and their properties as debtors-in-possession. No trustee or examiner has been appointed in these cases.

2.      On September 22, 2010, the Committee was appointed in these cases by the Office of the United States Trustee, consisting of the following five members: (i) Rogers Poultry Company, (ii) Anderson Seafoods, Inc., (iii) Hannay Investment Properties, Inc., (iv) Turnberry Centra Sub LLC, and (v) U.S. Foodservice, Inc.[2]

3.      On or about November 9, 2010, Black Canyon filed the Black Canyon Claims.

---

[1]      Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Stipulation annexed hereto as Exhibit A.

[2]      Subsequently, Turnberry Centra Sub LLC resigned from the Committee.

4.      On April 14, 2011, the GUC Trustee and the Committee filed an objection to the Black Canyon Claims (D.I. 604).

5.      On April 28, 2011, the Court entered the Order Appointing Mediator (the "Mediator Order", D.I. 627).

6.      In accordance with the Mediator Order, on June 29, 2011, the Parties participated in a mediation conducted by Norman L. Pernick, Esq.  At the mediation, the Parties reached an agreement concerning, among other things, the allowance of certain of the Black Canyon Claims and the extent of Black Canyon's participation in the GUC Trust.

**WHEREFORE**, the Committee, with the consent of the GUC Trustee and Black Canyon, hereby requests that this Court approve the Stipulation attached hereto as **Exhibit A** and enter the Proposed Order annexed thereto at its earliest convenience.

1753535 v1/NY

Dated: July 26, 2011
       Wilmington, Delaware

KLEHR HARRISON HARVEY
BRANZBURG LLP

*/s/ Margaret M. Manning*
Domenic E. Pacitti (DE Bar No. 3989)
Margaret M. Manning (DE Bar No. 4183)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:   (302) 426-9193
dpacitti@klehr.com
mmanning@klehr.com

-and-

COOLEY LLP
Jeffrey L. Cohen
Cathy Hershcopf
Richelle Kalnit
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jcohen@cooley.com
chershcopf@cooley.com
rkalnit@cooley.com

*Attorneys for the Committee*

1753535 v1/NY

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re

GOLDCOAST LIQUIDATING, LLC, et al.,

    Debtors.

------------------------------------------------------------- x

:
:
:   Chapter 11
:
:   Case No. 10-12819 (KG)
:
:   (Jointly Administered)
:
:

## STIPULATION AMONG THE GUC TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PRIVATE CAPITAL PARTNERS LLC AND BLACK CANYON CAPITAL LLC ALLOWING CLAIM NO. 208, AS PROVIDED HEREIN, AND DISALLOWING CLAIM NOS. 207 AND 211

TO THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE:

        Sean C. Southard, Esq., as trustee for the GUC Trust (the "GUC Trustee"), the official committee of unsecured creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), Private Capital Partners LLC ("Private Capital") and Black Canyon Capital LLC (together with Private Capital, "Black Canyon" and, together with the GUC Trustee and the Committee, the "Parties"), enter into this Stipulation allowing claim number 208, as provided herein, and disallowing claim numbers 207 and 211, and respectfully state as follows:

### RECITALS

        A.    On September 10, 2010, the Debtors filed their voluntary petitions for relief under the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and their properties as debtors-in-possession. No trustee or examiner has been appointed in these cases.

B.      On September 22, 2010, the Committee was appointed in these cases by the Office of the United States Trustee, consisting of the following five members: (i) Rogers Poultry Company, (ii) Anderson Seafoods, Inc., (iii) Hannay Investment Properties, Inc., (iv) Turnberry Centra Sub LLC, and (v) U.S. Foodservice, Inc.[1]

C.      On October 19, 2010, the Court entered an order granting the Debtors' request to, among other things, enter into a post-petition loan agreement and use of cash collateral (the "DIP Order", D.I. 271).[2]   Among other things, the DIP Order provided for the establishment of an account for the sole and exclusive benefit of general unsecured creditors, to be funded as a carve-out from the collateral of the Prepetition Secured Parties, in the amount of $400,000 *plus* 7% of the difference between (i) the cash component of the purchase price actually received by the Debtors and the agents in a section 363 sale minus (ii) $27,750,000 (the "GUC Trust").   The DIP Order further provided for the appointment of a GUC Trustee, to administer the GUC Trust.

D.      On October 28, 2010, the Debtors conducted an auction for the sale of substantially all of their assets.   On November 4, 2010, the Court entered an Order (D.I. 334) authorizing and approving the sale of substantially all of the Debtors' assets to Landry's Restaurants, Inc. or its designee, which subsequently closed on December 6, 2010.

E.      On November 12, 2010, the Committee and the Debtors filed a motion for approval of a stipulation among the Debtors, the Committee and Wells Fargo Bank, National Association, as agent under the Debtors' prepetition loan facility and agent under the Debtors' DIP facility (the "Stipulation Approval Motion", D.I. 355).

---

[1]      Subsequently, Turnberry Centra Sub LLC resigned from the Committee.

[2]      Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the DIP Order.

F.     On November 29, 2010, Black Canyon filed an objection to the Stipulation Approval Motion (D.I. 380).

G.     On December 17, 2010, the Committee filed a reply in further support of the Stipulation Approval Motion (D.I. 418).

H.     The Court has not ruled on the Stipulation Approval Motion.

I.     On or about November 9, 2010, Black Canyon filed claim numbers 207, 208, and 211 against the Debtors' estates (collectively, the "<u>Black Canyon Claims</u>").

J.     On February 18, 2011, the Committee filed a notice annexing that certain GUC Trust Agreement, which, among other things, appointed Sean C. Southard, Esq. as the GUC Trustee for the GUC Trust, in accordance with the provisions of the DIP Order (the "<u>GUC Trust Notice</u>", D.I. 538).

K.     On March 11, 2011, Black Canyon filed a reservation of rights with respect to the GUC Trust Notice (D.I. 575).

L.     On April 14, 2011, the GUC Trustee and the Committee filed an objection to the Black Canyon Claims (D.I. 604).

M.     On April 28, 2011, the Court entered the Order Appointing Mediator (the "<u>Mediator Order</u>", D.I. 627).

N.     In accordance with the Mediator Order, on June 29, 2011, the Parties participated in a mediation conducted by Norman L. Pernick, Esq.  At the mediation, the Parties reached an agreement concerning, among other things, the extent of Black Canyon's participation in the GUC Trust.

**NOW THEREFORE**, the Parties stipulate as follows:

1.     The Recitals are true and correct and are incorporated herein by reference.

1752948 v3/NY

2.      This Stipulation shall be binding on the Parties from the date of its execution, but is expressly subject to and contingent upon its approval by the Court. If the Court does not approve this Stipulation, this Stipulation shall be null and void.

3.      Effective as of the Payment Date (defined below), Claim Number 208 is allowed, as filed, to be satisfied in accordance with the provisions herein.

4.      Effective as of the Payment Date (defined below), Claim Numbers 207 and 211 are disallowed and expunged in their entirety.

5.      Within two (2) business days of the date that the Court's order (the "Stipulation Approval Order") approving this Stipulation becomes final and non-appealable (the "Payment Date"), the GUC Trustee, on behalf of the GUC Trust, shall irrevocably pay the amount of four hundred and seventy-five thousand dollars ($475,000.00) (the "Payment Amount") from the GUC Trust (free and clear from any liens, claims or interests of any person or party, including without limitation all creditors of the Debtors and their estates), in full satisfaction of the Black Canyon Claims including, specifically, Claim No. 208, and any other claims (as defined in 11 U.S.C. § 101(5)) Black Canyon or any of its affiliates may have against the Debtors or the GUC Trust; provided, however, that if the Stipulation Approval Order is either not final or is the subject of an appeal within thirty (30) days of entry thereof, Black Canyon shall be entitled to declare that such order shall have no force and effect and, in such case, this Stipulation and the Stipulation Approval Order shall have no force and effect (and the parties will be returned to the status quo ante). Black Canyon shall not be entitled to receive any amounts beyond the Payment Amount from the GUC Trust. For the avoidance of doubt, Black Canyon and the GUC Trust shall pay to the mediator their respective fifty percent (50%) shares of the mediator's fees and expenses, and neither will have any obligation for the other party's

share of such fees and expenses. For the avoidance of doubt, nothing herein impairs in any way Black Canyon's retention of any amounts previously paid to it from any source, including prior payments by the Debtors or their estates of Black Canyon's fees and expenses.

6. Effective as of the Payment Date, Black Canyon, on behalf of itself, its predecessors, successors, assigns, subsidiaries, affiliates, managed accounts or funds, current and former officers, directors, principals, members, partners, shareholders, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, nominees, management companies, fund advisors, advisory board members and other professionals, and such persons' respective heirs, executors, estates, servants and nominees, as applicable and only in their capacity as such (the "Black Canyon Release Parties"), forever expressly, unconditionally, irrevocably, generally and individually and collectively, releases, acquits and discharges the Debtors, their estates, the GUC Trust, the GUC Trustee, the Committee, the members of the Committee, and each of their respective predecessors, successors, assigns, subsidiaries, affiliates, managed accounts or funds, current and former officers, directors, principals, members, partners, shareholders employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, nominees, management companies, fund advisors, advisory board members and other professionals, and such persons' respective heirs, executors, estates, servants and nominees, as applicable and only in their capacity as such (collectively, the "Estate Release Parties") from and against the Black Canyon Claims including, specifically, Claim Number 208, and any and all actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, judgments, and demands whatsoever, in law or equity, known or unknown, matured or unmatured, foreseeable or

unforeseeable, related to the Debtors, the Debtors' estates, the GUC Trust, the GUC Trustee, the Committee or the members of the Committee, which the Black Canyon Release Parties ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Payment Date (other than the rights arising under, and the transactions contemplated by, this Stipulation and the order approving the same).

7. Effective as of the Payment Date, the Estate Release Parties, forever expressly, unconditionally, irrevocably, generally and individually and collectively, release, acquit and discharge the Black Canyon Release Parties from and against any and all actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, judgments, and demands whatsoever, in law or equity, known or unknown, matured or unmatured, foreseeable or unforeseeable, related to the Debtors, the Debtors' estates, the GUC Trust, the Committee or the members of the Committee, which the Estate Release Parties ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Payment Date (other than the rights arising under, and the transactions contemplated by, this Stipulation and the order approving the same).

8. Effective as of the Payment Date, the Stipulation Approval Motion shall be deemed withdrawn.

9. This Stipulation is the entire agreement between the Parties with respect to the subject matter of this Stipulation. The parties hereto agree to execute such further documents as may be reasonably necessary to effectuate the purposes of this Stipulation.

10. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any of the Parties unless such modification, amendment or waiver is

in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.

11.     The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

AGREED TO AS OF July 26, 2011

KLESTADT & WINTERS, LLP

/s/ Sean C. Southard
Sean C. Southard
570 Seventh Avenue
17th Floor
New York, New York 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
ssouthard@klestadt.com

GUC Trustee

KLEHR HARRISON HARVEY
BRANZBURG LLP

/s/ Margaret M. Manning
Domenic E. Pacitti (DE Bar No. 3989)
Margaret M. Manning (DE Bar No. 4183)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:   (302) 426-9193
dpacitti@klehr.com
mmanning@klehr.com

-and-

COOLEY LLP
Jeffrey L. Cohen
Cathy Hershcopf
Richelle Kalnit
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jcohen@cooley.com
chershcopf@cooley.com
rkalnit@cooley.com

Attorneys for the Committee

RICHARDS LAYTON & FINGER, P.A.

/s/ Mark D. Collins
Mark D. Collins (DE Bar No. 2981)
Zachary I. Shapiro (DE Bar No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

O'MELVENY & MYERS LLP
Stephen H. Warren

Michael C. Heinrichs
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6401

*Attorneys for Black Canyon*

9

# **PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
----------------------------------------------------------------  x
                                                                  :
In re                                                             :   Chapter 11
                                                                  :
GOLDCOAST LIQUIDATING, LLC, et al.,, et al.,                      :   Case No. 10-12819 (KG)
                                                                  :
         Debtors.                                                 :   (Jointly Administered)
                                                                  :
                                                                  :   Re: D.I. _____
----------------------------------------------------------------  x
```

## ORDER APPROVING STIPULATION AMONG THE GUC TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PRIVATE CAPITAL PARTNERS LLC AND BLACK CANYON CAPITAL LLC ALLOWING CLAIM NO. 208, AS PROVIDED THEREIN, AND DISALLOWING CLAIM NOS. 207 AND 211

Upon consideration of the Stipulation Among the GUC Trustee, the Official Committee of Unsecured Creditors, Private Capital Partners LLC and Black Canyon Capital LLC (the "Stipulation"),[1] a copy of which is annexed hereto as Exhibit 1, it is hereby

ORDERED that the Stipulation is APPROVED; and it is further

ORDERED that effective as of the Payment Date, Claim Number 208 is allowed, as filed, to be satisfied in accordance with the provisions of the Stipulation; and it is further

ORDERED that effective as of the Payment Date, Claim Numbers 207 and 211 are disallowed and expunged in their entirety; and it is further

ORDERED that the Debtors' court-appointed claims and noticing agent is authorized and directed to delete the claims disallowed and expunged pursuant to this Order from the official claims register in these chapter 11 cases; and it is further

---

[1]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Stipulation.

ORDERED that the Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation; and it is further

ORDERED that, notwithstanding any of the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall take effect immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: July ___, 2011

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

1752948 v3/NY